**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10438**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAVIER TREVINO,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

December 22, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Trevino, having pleaded guilty to participating in a conspiracy to distribute cocaine from 1993 through July 1996 and to a specific instance of possession with intent to distribute cocaine on May 22, 1996, contests his sentence under the Guidelines. He contends that he was erroneously given an additional criminal history point, pursuant to U.S.S.G. § 4A1.1(e), based on the court's finding that his offense was committed within two years from his release from custody on a prior relevant

sentence.  Trevino contends that "the instant offense" and all relevant conduct for sentencing purposes occurred on May 22, 1996, more than two years after his release from imprisonment.  We disagree and AFFIRM the sentence issued by the trial court.

Trevino's argument hinges on the assumption that he was not linked to the conspiracy count, to which he pled guilty, prior to the specific offense committed on May 22, 1996.  He acknowledges that under the pertinent guideline, an additional criminal history point may be added when the defendant "committed any part of the instant offense (i.e., any relevant conduct) less than two years following release from confinement."  U.S.S.G. § 4A1.1(e), comment. (n.5).  Relevant conduct, he contends, does not include conspiratorial activities before May 22, 1996.

Trevino's argument contradicts his guilty plea proceedings.  First, the conspiracy count to which he pled guilty stated that he and others conspired to possess with intent to distribute and distributed five kilograms or more of cocaine "[f]rom or about, 1993 and continuing through on or about July, 1996 . . . ."  Second, the factual resume, signed and agreed to by both Trevino and his attorney, states:

> During the time periods alleged in the Superseding Indictment, the defendant . . . and other conspirators . . . did unlawfully conspire . . . to commit violations of the federal controlled substances laws.  Specifically during the time period alleged in the Superseding Indictment, Trevino and other co-conspirators agreed and conspired together to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

2

By entering his plea of guilty, Trevino admitted all elements of the charge contained in this conspiracy count of the indictment. See McCarthy v. United States, 394 U.S. 459 (1969).  In fact, he admitted his involvement in the conspiracy beginning in 1993 and continuing through July 1996.  Since this involvement falls within the two-year period discussed in U.S.S.G. § 4A1.1(e), the district court properly added the criminal history point.  See United States v. Alexander, 53 F.3d 888, 892 (8th Cir. 1995) (holding that engaging in a conspiracy within two years of release from prison merits the application of U.S.S.G. § 4A1.1(e)).

**AFFIRMED.**