IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10655
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUBEN OLVERA CONTRERAS, SR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:98-CR-64-1
--------------------
January 6, 2000

Before KING, Chief Judge, and POLITZ and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ruben Olvera Contreras, Sr. appeals his sentence for conspiring to import marijuana into the United States.  Contreras asserts that the district court's increase of his criminal history score pursuant to U.S.S.G. § 4A1.1(d) was erroneous, as the Government failed to prove that he committed any criminal acts while under a criminal justice sentence.

    "A sentence will be upheld on review unless it was imposed in violation of law; imposed as a result of an incorrect application of the sentencing guidelines; or [is] outside the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range of the applicable sentencing guideline and is unreasonable." United States v. Santana-Castellano, 74 F.3d 593, 596 (5th Cir. 1996) (internal quotation marks and citation omitted). We review a district court's application of the sentencing guidelines de novo and its findings of fact for clear error. United States v. Stevenson, 126 F.3d 662, 664 (5th Cir. 1997).

Pursuant to a written plea agreement, Contreras pleaded guilty to conspiring, from in and about June 1995, and continuing to March 1999, to import marijuana into the United States. Contreras admitted in writing in his plea agreement and under oath at his rearraignment hearing that the factual resume for the case, which adopted the July 1995, through March 1999, conspiracy dates, was correct. Contreras does not dispute the factual finding made in the PSR and adopted by the district court that he was under a criminal justice sentence of probation from June 24, 1997, through June 23, 1998. Thus, Contreras has admitted that he conspired to import marijuana during the June 24, 1997, to June 23, 1998, period of his probation. See United States v. Trevino, 131 F.3d 1140, 1141 (5th Cir. 1997).

The district court did not err, clearly or otherwise, in finding that Contreras committed the instant offense while serving a criminal justice sentence of probation. The judgment is AFFIRMED.