United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-41617
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JAIME CISNEROS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CR-233-2
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jaime Cisneros appeals his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

     Cisneros contends that in light of United States v. Booker, 543 U.S. 220 (2005), the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence based on the district judge's findings as to the drug-quantity calculation and

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated-role enhancement because these facts were neither admitted by him nor found by a jury beyond a reasonable doubt. Cisneros argues that he preserved Booker error by raising an objection pursuant to Blakely v. Washington, 542 U.S. 296 (2004), in a motion to supplement the record filed after sentencing but prior to the district court's reinstatement of the criminal judgment.

Cisneros did not preserve Booker error by raising a Blakely objection in a motion filed during the pendency of his 28 U.S.C. § 2255 proceedings and one year after his sentence was imposed, but prior to the district court's reinstatement of the criminal judgment to allow for an out-of-time appeal.  Thus, this court's review is for plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The district court erred when it sentenced Cisneros pursuant to the mandatory guidelines system held unconstitutional in Booker.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).  However, Cisneros has failed to point to any statements in the record indicating that the same sentence would not have been imposed had the district court known that the Guidelines were advisory.  The record itself gives no indication that the district court would have reached a different result under an advisory guidelines system.  In fact, the district court sentenced Cisneros at the middle of the guidelines range.  Given the lack of any indication

in the record that the district court would have reached a different conclusion, Cisneros has not demonstrated that his substantial rights were affected, and, thus, he has failed to establish plain error.  See Mares, 402 F.3d at 520-22.

Cisneros also contends that the district court clearly erred when it found that he committed the instant offense while on probation because the relevant conduct attributed to him in the presentence report took place on dates either prior to or after the probation period.

A district court's calculation of a defendant's criminal history category is a finding of fact that this court reviews for clear error.  United States v. Martinez-Moncivais, 14 F.3d 1030, 1038 (5th Cir. 1994); see also United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  "A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole."  United States v. Shipley, 963 F.2d 56, 58 (5th Cir. 1992) (internal quotation marks and citation omitted).

The district court's factual finding that Cisneros committed the instant offense while on probation is plausible in light of the record as a whole.  Cisneros was on probation during part of the time period set forth in the count of conviction.  Although the Government did not present specific evidence of an overt act within the probation period, there is no indication that Cisneros withdrew from the conspiracy at any time during this period.

Therefore, the district court did not clearly err in finding that Cisneros committed the instant offense while on probation.  See United States v. Trevino, 131 F.3d 1140, 1141 (5th Cir. 1997).

Accordingly, the district court's judgment is AFFIRMED.