# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30623

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2018

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

JOHN STEVEN BLOUNT,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before JOLLY, ELROD, and WILLETT, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

John Steven Blount, who pled guilty to securities fraud crimes, on appeal challenges only his two-level sentencing enhancement based on his violation of a prior administrative order. He argues first that the order, handed down by the Financial Industry Regulatory Authority (FINRA), is not an administrative order within the meaning of § 2B1.1(b)(9)(C) of the Sentencing Guidelines. Second, he argues that even assuming § 2B1.1(b)(9)(C) is applicable to the FINRA order, he did not violate its terms. We hold that, under the plain error standard of review, the district court did not err in applying the § 2B1.1(b)(9)(C) sentencing enhancement to the FINRA order and that Blount clearly violated the order's terms.

No. 17-30623

I.

Blount practiced as a FINRA-licensed securities broker and dealer from June 1992 through August 2003. During this period, he was the subject of over one hundred customer complaints, provoking FINRA to open a regulatory investigation. The investigation concluded that Blount misrepresented material information to investors, causing them to purchase unsuitable financial products. Based on this finding, FINRA issued an order banning Blount from associating with any FINRA member "in any capacity." Because of FINRA's jurisdiction over the brokerage industry, this order effectively barred Blount from dealing in the securities business.

Blount disregarded FINRA's order (and numerous other state and federal securities laws and regulations along the way) and resumed work as an investment advisor and securities broker by at least the summer of 2007. Holding himself out as a licensed securities broker, Blount orchestrated a Ponzi scheme primarily targeting retirees. He promised his victims high rates of return for investments in what turned out to be fictitious securities. Instead of investing his victims' capital, he placed it in various shell companies for his own benefit.

In February 2014, FINRA forwarded a complaint to the Louisiana Office of Financial Institutions alleging that Blount was selling securities to the public in violation of its 2003 order. This complaint provoked a law enforcement investigation which exposed Blount's Ponzi scheme. Ultimately, Blount defrauded at least 72 investors out of approximately $5.8 million.

II.

The federal government charged Blount with violating 18 U.S.C. § 1343 by committing wire fraud. Blount pled guilty. In accordance with the plea agreement, he signed a stipulated factual agreement admitting that the 2003 FINRA order barred him from working as a securities broker. He also

2

admitted that "[d]espite his prohibition by FINRA, on a date not later than June 1, 2007, Blount resumed operations as an investment advisor and securities broker in violation of state and federal securities laws and regulations." To eliminate all doubt of the admission, Blount reaffirmed these admissions during his plea colloquy:

> District Court: In spite of your prohibition by FINRA . . . you resumed operations as an investment advisor and securities broker . . . . [I]s that what happened in this case?
>
> Blount: Yes, ma'am.

The Presentence Report (PSR) recommended several offense-level adjustments, including a two-level increase under U.S.S.G. § 2B1.1(b)(9)(C) for violating a prior judicial or administrative order.[1] The district court overruled Blount's objections to the PSR and sentenced him to 235 months of imprisonment followed by three years of supervised release and ordered him to pay $4,313,173.22 in restitution. He did not directly appeal this sentence.

Soon thereafter, however, Blount filed a motion in the district court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing that his defense counsel was constitutionally ineffective. The district court granted the motion, vacated his sentence, and ordered a revised PSR and new sentencing hearing. The revised PSR eliminated its recommendation for an enhancement for abuse of trust but left untouched the remainder of Blount's sentence, including the two-level enhancement for violating an administrative order. Blount objected to the revised PSR including its prior order enhancement but failed to object on the grounds that the FINRA order was not an administrative order within the terms of § 2B1.1(b)(9)(C). The district court

---

[1] U.S.S.G. § 2B1.1(b)(9)(C) provides that: "If the offense involved . . . a violation of any prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines . . . increase by 2 levels."

No. 17-30623

rejected Blount's objection, holding that the prior order enhancement applied under the facts of the case. It sentenced him to 188 months of imprisonment, three years of supervised release, and $4,313,173.22 in restitution. Blount timely appealed.

## III.

We review "a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error." *United States v. Nash*, 729 F.3d 400, 403 (5th Cir. 2013) (internal citation omitted). Further, "[a] determination that a particular judicial or administrative action qualifies under Section 2B1.1(b)(9)(C) is an interpretation and application of the guidelines that we review de novo." *Id.* We review challenges to Guidelines enhancements that are raised for the first time on appeal for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

On appeal, Blount argues that the two-level prior administrative order enhancement should be reversed because 1) the FINRA order was not a prior administrative order as referenced in the Sentencing Guidelines and 2) even so, he did not violate its terms. We address each argument in turn.

## A.

We first consider Blount's argument that the FINRA order is not a "prior, specific judicial or administrative order, injunction, decree, or process" under § 2B1.1(b)(9)(C) of the Sentencing Guidelines. Because Blount raises this issue for the first time in this appeal, we review for plain error. *See Chavez-Hernandez*, 671 F.3d at 497 ("If . . . the defendant has failed to make his objection to the guidelines calculation sufficiently clear [in the trial court], the issue is considered forfeited, and we review only for plain error."). Ordinarily, an error is not plain when the court has not previously addressed the issue at hand. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). Indeed, "[e]ven where the [defendant's] argument requires only extending

4

authoritative precedent, 'the failure of the district court to do so cannot be plain error.'" *Id.* (quoting *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008)).

Blount argues that FINRA's order is not an "administrative order" because FINRA is a "private self-regulatory organization" and "administrative" order, in the context of the guidelines, strongly suggests, if not requires, that the order emanate from a governmental entity. The Government concedes that FINRA is "technically a private entity." The Government nevertheless argues that FINRA's order qualifies because FINRA "mirrors the typical governmental oversight body with respect to its responsibilities, authority, and procedure" and the SEC has formally tasked it with regulating the securities industry, "including conducting enforcement actions against individuals." Further, the Government emphasizes the plain error standard of review and urges that Blount's inability to cite Fifth Circuit precedent supporting his argument demonstrates that even if applying the administrative order enhancement to the FINRA order were error, it was certainly not a plain error.[2]

We agree. This case is largely indistinguishable from the plain error analysis in *United States v. Evans* in which we also encountered a novel argument that was not raised in the district court and had no support in Fifth Circuit precedent. *See* 587 F.3d at 670–71. Thus, given the lack of authoritative precedent suggesting that § 2B1.1(b)(9)(C) does not apply to

---

[2] Blount cites a single Ninth Circuit case as support for the proposition that a FINRA order is not a prior order under the Sentencing Guidelines. In *United States v. Linville*, the Ninth Circuit held that a U.S. Department of Agriculture warning did not qualify as a prior order because the warning "neither resulted from an adversary proceeding nor constituted formal orders." 10 F.3d 630, 632 (9th Cir. 1993). Blount does not attack the FINRA order on such procedural grounds; instead, he attacks the order on the basis that it is not a government-issued order. In any event, our review is under plain error and *Linville* gives little succor to Blount's argument that the district court's error here was plain.

FINRA orders, the district court's alleged error certainly was not "obvious," "readily apparent," or in a word, plain. *See id.* at 671 (citation omitted). Because the district court did not plainly err in determining that FINRA's order was within the terms of § 2B1.1(b)(9)(C), we now turn to Blount's argument that he did not violate the order.

## B.

Blount continues his challenge to the sentencing enhancement by arguing that, even assuming § 2B1.1(b)(9)(C)'s applicability, his conduct did not violate the terms of the FINRA order. Because he raised this argument in objections below, we review this issue de novo.[3] *See Nash*, 729 F.3d at 403. Blount concedes that he was engaged in criminal fraud but argues that he did not violate the FINRA order because he was selling insurance products, not securities. In response, the Government argues that it does not matter how Blount referred to the products. Regardless of label, the fraudulent products he marketed were within the definition of "securities" under the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78c(a)(10). The Government also points out that Blount admitted in his plea deal, and in open court, to engaging in securities trading and specifically to violating the FINRA order. Blount attempts to avoid this conclusion by arguing that he was operating under an insurance license and selling insurance products. These actions, he argues, would fall outside the FINRA order because the order was only directed at the sale of "securities" and makes no mention of "insurance."

Courts will look to the substance of the product to determine whether it is a security. *See Reves v. Ernst & Young*, 494 U.S. 56, 61 (1990) ("Congress'

---

[3] The Government argues that Blount waived these arguments by failing to challenge the prior order enhancement in his § 2255 motion. He did raise these issues, however, in objections prior to his resentencing hearing. Because the Government clearly prevails on the merits, we will assume that Blount's arguments are not waived for purposes of this appeal.

purpose in enacting the securities laws was to regulate *investments*, in whatever form they are made and by whatever name they are called."); *Marine Bank v. Weaver*, 455 U.S. 551, 555–56 (1982) ("The definition of 'security' . . . . includes ordinary stocks and bonds, along with the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits." (citation omitted)); *United States v. Tucker*, 345 F.3d 320, 329 (5th Cir. 2003) ("The *Reves* court rejected the notion that 'legal formalisms' were controlling . . . . [The Court] also found the 'fundamental essence of a security to be its character as an investment.'"). Blount advertised and sold products, including purported bonds, investment contracts, and qualified IRAs, that fit comfortably within the federal definition of "security." *See Tucker*, 345 F.3d at 328–31. Whether Blount calls the investments he peddled insurance, annuities, or magic beans, they are substantively securities for the purposes of the Securities Exchange Act.

Finally, to further rebut a conclusion that he violated the FINRA order by selling securities, Blount argues that his activity did not violate the order because that order was "imposed in his capacity as a licensed securities dealer working for a brokerage firm," but at the time of the offense, he operated "under an insurance license . . . and worked for himself." This practically redundant argument is likewise unpersuasive. FINRA's order does not bar Blount merely from working as a licensed broker affiliated with a brokerage firm, it further bars him from "associating with any [FINRA] member *in any capacity*." The fact that Blount was not affiliated with a brokerage firm at the time of the offenses is of no consequence. Blount violated FINRA's order when he advertised and sold financial products that meet the federal definition of "security."

Still further, Blount's plea agreement and sworn statements amount to an unambiguous admission that he sold securities in violation of the FINRA

order.  "Solemn declarations in open court carry a strong presumption of verity."  *U.S. v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citation omitted).   Blount now effectively asks this Court to ignore his sworn admissions but gives no reason why they should be disregarded.  He does not argue that the statements were not knowing and voluntary.  *Cf. id.*  He does not argue that the statements were the result of coercion.  *Cf. United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  He does not argue that the statements were induced by false representations of his defense counsel.  *Cf. Cervantes*, 132 F.3d at 1110–11.  Blount swore, multiple times and in multiple formats, that he violated the FINRA order by holding himself out as a securities broker.  The district court was entitled to rely upon these sworn admissions.  *See id.* at 1110; *see also United States v. Trevino*, 131 F.3d 1140, 1141 (5th Cir. 1997) (rejecting defendant's challenge because it conflicted with his guilty plea).

## IV.

In sum, we hold that the district court committed no plain error in concluding that FINRA's order was a prior administrative order for purposes of § 2B1.1(b)(9)(C), nor did the district court commit any error in applying the two-level sentencing enhancement to Blount because he was engaged in securities activity that violated FINRA's order.  The district court's judgment is therefore

AFFIRMED.