United States Court of Appeals,

Fifth Circuit.

No. 96-10659.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ludevina Ayala CERVANTES, Defendant-Appellant.

Jan. 27, 1998.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY, DAVIS and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Ludevina Ayala Cervantes appeals the district court's denial of her petition for habeas corpus under 28 U.S.C. § 2255. Cervantes pled guilty to distribution of cocaine and entered into a plea agreement. The agreement included a waiver of the right to appeal her sentence. Despite the waiver, Cervantes attempted to appeal her sentence on direct appeal, but we dismissed the appeal based on the waiver. Cervantes then filed a petition for habeas relief with the district court. She alleged that the judge had incorrectly calculated her sentence. She further alleged that defense counsel had rendered ineffective assistance by inducing her to plead guilty based on misrepresentations as to what her sentence would be. The district court denied habeas relief. It held that sentencing issues are not cognizable under section 2255 and that the record of the sentencing hearing conclusively refuted any claim of inducement. On this appeal, Cervantes renews her claims of ineffective assistance of counsel and further contends that her

1

waiver of the right to appeal her sentence was invalid. For the reasons that follow, we affirm.

I

On October 6, 1992, Cervantes was indicted by a Grand Jury and charged with conspiracy to distribute cocaine and two substantive counts of distribution of cocaine. At rearraignment on September 7, 1993, Cervantes, represented by counsel, entered a guilty plea to one count of distribution of cocaine under 21 U.S.C. § 841. The plea agreement included a waiver of her right to appeal any sentence ultimately imposed. At the sentencing hearing four months later, Cervantes received a sentence of 97 months in prison, five years of supervised release, and a fifty dollar special assessment.

Despite the appeal waiver provision in her plea agreement, Cervantes filed a motion for leave to appeal IFP, which the district court granted, appointing Cervantes's previous counsel to represent her on appeal. On January 11, 1994, Cervantes filed a notice of appeal to this court. In March, the government responded with an unopposed motion to dismiss the appeal based on the appeal waiver. We dismissed the appeal on April 1, 1994.

On May 23, 1995, Cervantes filed a section 2255 petition for habeas relief. She contended that the court incorrectly calculated her sentence and that her counsel had rendered constitutionally ineffective assistance. Specifically, Cervantes alleged that the court erred by basing its sentence on the total amount of cocaine involved in the alleged conspiracy rather than the smaller amount she sold to an undercover agent. She further alleged that defense

2

counsel was ineffective because he induced her to plead guilty with misrepresentations as to the sentence she would receive, he failed to challenge the amount of cocaine used to calculate her sentence, and he failed to prosecute the appeal of her sentence. The government filed an answer, asserting that Cervantes's challenge of her sentence was not cognizable under section 2255 and, in any event, the appeal had been waived in the plea agreement. The government also responded that Cervantes's inducement claim was refuted by her sworn testimony at the plea hearing.

Cervantes then filed an "amendment to section 2255 motion," in which she requested that the district court accept two affidavits in support of her ineffective assistance of counsel claim. One affidavit, given by her sister Becky Ayala, stated that when she was at Cervantes's counsel's office, she heard him tell Cervantes that if she pleaded guilty and signed the plea agreement, Cervantes would receive only three to five years in prison based on an agreement with the government. The affidavit also asserted that on the day Cervantes was sentenced, her counsel told Cervantes he would file an appeal, but that later, he told her not to call him again. The other affidavit, given by Cervantes's other sister, Delphie Whiteman, and her husband, stated that Cervantes's counsel had assured them Cervantes would receive no more than five years in prison based on an agreement with the government.

On May 17, 1996, the district court denied Cervantes's section 2255 motion without an evidentiary hearing "for the reasons stated in the Government's answer." The court held that Cervantes's

3

"amendment" to the motion would not be considered because it was received after the government's answer was filed, and Cervantes had not sought leave of court to file it.  The court further concluded that, even if the affidavits were properly admitted, the facts asserted therein were effectively refuted by the terms of the plea agreement and by Cervantes's own statements under oath at the sentencing hearing.

Cervantes filed the present appeal.  Although she had not requested a certificate of appealability ("COA") from the district court, we treated her notice of appeal as an application for such and granted Cervantes a COA on whether the appeal waiver provision in her plea agreement was valid—which now appears to have been raised for the first time in this appeal—and whether her guilty plea was improperly induced.[1]  In addition to these issues, Cervantes renews her claims that the district court erred in calculating her sentence and that her counsel was ineffective for not properly objecting to the amount of drugs used to calculate her sentence.  Also, for the first time on appeal, Cervantes contends (1) that counsel was ineffective for not having requested a downward departure under the Sentencing Guidelines based on her family circumstances;  (2) that the district court failed to comply with Rule 11;  and (3) that the government breached the plea agreement by failing to make a specific sentencing recommendation.

---

[1]We have recently held that a COA is unnecessary in section 2255 actions filed prior to the effective date of the AEDPA, April 24, 1996.  *See Carter v. Johnson,* No. 96-20334, 1997 WL 768622, at *3, --- F.3d ----, ---- (5th Cir. Dec. 12, 1997).  Thus, Cervantes was not required to obtain a COA.

4

As a threshold matter, we consider our standard of review and the extent to which Cervantes's claims are cognizable under section 2255. Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted. *United States v. Shaid,* 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and,* if condoned, would result in a complete miscarriage of justice. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied,* 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

As the district court properly concluded, Cervantes's claim that the trial judge erred in calculating her sentence is not grounds for section 2255 relief. Technical application of the Sentencing Guidelines does not give rise to constitutional issues. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). And although the appeal waiver prevented Cervantes from raising this issue on direct appeal, the assigned error does not result in a fundamental defect inherently resulting in a complete miscarriage of justice. *See United States v. Smith,* 844 F.2d 203, 206 (5th

Cir.1988) (citations omitted).  Thus, we do not consider its merits.

Similarly, we need not address the merits of Cervantes's claims regarding the validity of her appeal waiver, the district court's compliance with Rule 11, the government's alleged breach of the plea agreement, or ineffective assistance of counsel concerning failure to request a downward departure under the Guidelines.  We do not consider issues raised for the first time on the appeal of a section 2255 motion.  *See, e.g., United States v. Madkins,* 14 F.3d 277, 279 (5th Cir.1994) (citing cases);  *United States v. Cates,* 952 F.2d 149, 152 (5th Cir.), *cert. denied,* 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992).  Because Cervantes failed to raise these claims before the district court in the habeas proceedings below, we shall not consider them in this appeal.  *See United States v. Smith,* 915 F.2d 959, 964 (5th Cir.1990) (per curiam).[2]

Cervantes's remaining claim—the only constitutional claim she properly raises—is that defense counsel rendered ineffective assistance by wrongfully inducing her to plead guilty.[3]  As the case is presented to us today, however, the question is not the

---

[2]In view of the fact that Cervantes has not properly raised the validity of the appeal waiver provision of the plea agreement, it is assumed valid.  *See Shaid,* 937 F.2d at 231-32 (following conviction and waiver of direct appeal, we presume the defendant stands fairly and finally convicted).  Thus, there is no basis for Cervantes's claim that defense counsel rendered ineffective assistance by failing to appeal her sentence.

[3]Cervantes's claim that counsel was ineffective because he failed to renew overruled objections to the amount of cocaine used to calculate her sentence has no merit.

ultimate merits of this claim; instead, the precise question is whether the district court erred in denying the claim without granting an evidentiary hearing. We review the district court's decision only for an abuse of discretion. *See United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir.1992) (per curiam).

## III

### A

Cervantes argues that her trial counsel rendered ineffective assistance by inducing her to plead guilty with misrepresentations regarding the sentence she would receive. Specifically, Cervantes contends that her counsel stated that she would receive a sentence of no more than 37 months in prison. She further alleges that counsel advised her that the plea hearing would be confusing, that she should agree to everything the judge said, and that he would handle the situation. The government responds that the statements made by Cervantes at the guilty plea and sentencing hearings, while under oath, refute her allegations. While Cervantes concedes her statements at these hearings, she argues that the record is bare with respect to the conversations she had with her attorney and, therefore, that the district court should have held an evidentiary hearing to resolve the issue. We, therefore, address whether the record before us requires a hearing on her claim of ineffective counsel.

### B

#### (1)

To be constitutionally valid, a guilty plea must be knowing

7

and voluntary. *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989). Thus, a guilty plea may be invalid if induced by defense counsel's unkept promises. *See id.* On the other hand, a defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir.1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).

Nevertheless, a defendant may seek habeas relief on the basis of alleged promises, though inconsistent with representations she made in open court when entering her guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *See Harmason,* 888 F.2d at 1529 (citations omitted). If the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue. *See id.* If, however, the defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary. *See United States v. Smith,* 844 F.2d 203, 208 (5th Cir.1988) (per curiam); *United States v. Raetzsch,* 781 F.2d 1149, 1152 (5th Cir.1986).

8

Cervantes submitted affidavits from her sisters regarding the alleged promises of her trial counsel, of which at least one satisfied the requirement of specificity necessary to warrant an evidentiary hearing.[4] Becky Ayala's affidavit adequately described counsel's alleged promises, who was present, as well as when and where the alleged promises were made. Cervantes, however, did not file the affidavits with her section 2255 motion, but instead, as an "Amendment to Section 2255 Motion." The government had already filed a responsive pleading asserting that an evidentiary hearing would be unnecessary because Cervantes's claims of inducement were refuted by her testimony at the plea hearing. The district court, citing our decisions in *United States v. Armstrong,* 951 F.2d 626 (5th Cir.1992), and *Barksdale v. King,* 699 F.2d 744 (5th Cir.1983), refused to consider the affidavits because the government had already filed a responsive pleading, and Cervantes had not sought leave of court prior to seeking amendment, as specifically required by Rule 15 of the Federal Rules of Civil Procedure.

Rule 15(a) permits parties to amend their pleadings after a responsive pleading has been served "only by leave of court or by written consent of the adverse party." In *Barksdale,* we held that because the defendant's motion to dismiss was not a responsive pleading under Rule 15(a), the *pro se* plaintiff could amend his complaint once as a matter of course before the defendant filed a

---

[4]We shall assume the affidavits of Cervantes's sisters qualify as affidavits of "reliable" third parties.

responsive pleading.  *See* 699 F.2d at 746-47.  In *Armstrong,* the habeas petitioner, proceeding *pro se,* attempted to raise new issues before the district court after the government had filed its response to the petitioner's section 2255 motion.  We refused to consider the issues because the petitioner "had no right to amend his pleadings without leave of court, which he did not seek," and, therefore, the issues were not properly before the court.  951 F.2d at 630.  Under *Armstrong* and *Barksdale,* we cannot say that the district court abused its discretion in refusing to consider the affidavits of Cervantes's sisters.

(3)

Cervantes is entitled to an evidentiary hearing only if the existing record proves the likely merit of her specific allegations of a promise.  *See Davis v. Butler,* 825 F.2d 892, 893-95 (5th Cir.1987).  The written plea agreement, signed by Cervantes and her attorney, was three pages long.  It states several times, once in bold letters, that no agreements, promises, or representations existed as to what sentence Cervantes would receive.  It further explains that her sentence would be determined solely by the district court judge, who could depart from the applicable guideline range.  The plea agreement also contains stipulated facts describing her involvement in the distribution of cocaine.

At rearraignment, the district court judge reiterated much of what was set forth in the plea agreement as well as the rights Cervantes would forfeit by pleading guilty, assuring Cervantes understood each of these matters.  He specifically admonished

10

Cervantes that she could not rely on anyone, even if connected to law enforcement or the government, for promises as to what her sentence would be. Cervantes represented to the court that she read and understood the entire plea agreement, agreed with its provisions, had consulted with her attorney, and had not been induced to sign the agreement by any promises, representations, or coercion. Finally, before confirming her guilty plea, Cervantes affirmed her understanding that she would not be permitted to withdraw the guilty plea even though the sentence she received might be harsher than she expected.

This testimony and the plain terms of the plea agreement clearly refute Cervantes's allegations that her attorney had promised her a lower sentence based on an agreement with the government. The plea agreement is short, clear, and unambiguous. Cervantes's colloquy with the court expressly contradicts the existence of any promises or agreements not contained in the plea agreement. Thus, the district court did not err in dismissing Cervantes' habeas claim without conducting an evidentiary hearing on the issue of ineffective counsel. *See Smith,* 844 F.2d at 208; *see also United States v. Brewer,* 60 F.3d 1142, 1145 (5th Cir.1995) (addressing availability of evidentiary hearing on direct appeal).

IV

For the foregoing reasons, the district court's denial of habeas relief is

AFFIRMED.

11