IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60648
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE WHITE, JR.,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Northern District of Mississippi
(3:94-CV-44)
_____
March 31, 1998
Before WISDOM, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

After studying the briefs and reviewing the entire record,
supplemented to include the transcript of the Rule 11 hearing, we
have arrived at the conclusion that the district court should be
affirmed. We begin by noting that we shall not address any of the
issues raised by White that were not included in his section 2255
motion to the district court. "We do not consider issues raised
for the first time on the appeal of a section 2255 motion." United
States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Construed most liberally, White's section 2255 motion alleges that trial counsel rendered ineffective assistance by: (1) failing to investigate and research the legal and factual issues of the case, (2) failing to object to admissible evidence at the plea hearing, (3) failing to advise him of his right to appeal, and (4) improperly inducing him to plead guilty. The motion further alleges that the indictment was insufficient because it failed to charge a third person along with White and a co-defendant for conspiracy and that the trial court denied him a fair trial by denying his motion to withdraw his guilty plea.

The transcript of White's Rule 11 guilty plea hearing reveals that several of White's most serious claims have no merit. First, White was expressly informed of his right to appeal. White responded that he understood his rights in this regard. Thus, even if counsel failed to advise White of this right, he can show no prejudice. Second, after being expressly admonished by the district court as to the importance and ramifications of entering a guilty plea, White assured the district court twice during the hearing that he had not been threatened, induced, or otherwise coerced into pleading guilty. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" Id. at 1110 (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). White

2

has not submitted any independent indicia showing the likely merit of his claim and refuting his declarations in open court.  See id. (describing what constitutes proper indicia).

As for White's remaining claims, his failure to raise them on direct appeal means that he must demonstrate cause and prejudice before this court will consider them in a section 2255 motion.  See id. at 1109.  Apart from his allegation that he was not informed of the right to appeal, which is belied by the transcript of the Rule 11 hearing, White has not alleged any reason for his failure to raise these issues on direct appeal.  For these reasons, the judgment of the district court is

A F F I R M E D.[1]

---

[1]All of the defendant's outstanding motions are DENIED.