IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60108
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNELL SHORTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC Nos. 3:98-CV-36-1-S
3:95-CR-128-S
--------------------
March 15, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donnell Shorter appeals the district court's denial of his 28 U.S.C. § 2255 motion. Shorter renews only his claims that counsel was ineffective in failing to investigate and in failing to pursue his direct appeal; he has waived the other claims certified in the district court's certificate of appealability by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Shorter raises the following arguments for the first time on appeal: 1) counsel was ineffective in failing to object to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amount of drugs attributed to him for sentencing purposes; 2) counsel was ineffective because he was unfamiliar with the charge Shorter faced, rendering the guilty plea involuntary; 3) the Government failed to prove that his offense involved crack rather than powder cocaine; 4) the Sentencing Reform Act is unconstitutional; 5) the trial court failed to insure that he understood the nature of the charges against him; and 6) the Government breached the plea agreement. This court will not consider these newly raised claims. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

Shorter's claim that counsel failed to investigate the facts of his case or a possible defense fails because he has not alleged with specificity what counsel's investigation would have revealed and has not established that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. See Armstead v. Scott, 37 F.3d 202, 206, 209 (5th Cir. 1994). To the extent that Shorter urges that counsel denied him the right to appeal because he did not file a timely notice of appeal on his behalf, the claim fails for lack of prejudice because Shorter received an out-of-time appeal. See United States v. Shorter, No. 97-60204 (5th Cir. Oct. 15, 1997); see also Strickland v. Washington, 466 U.S. 668, 694, 697 (1984).

To the extent that Shorter urges that he was denied counsel on appeal, the claim is factually without merit. Shorter was represented at trial by retained counsel, but he did not retain counsel for appeal, nor did he request the appointment of appellate counsel or otherwise show that he met the financial requirements

for such appointment. <u>See</u> 18 U.S.C. § 3006A(b); FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT § 2. He abandoned his appeal. <u>See</u> <u>United States v. Shorter</u>, No. 97-60204 (5th Cir. Oct. 15, 1997). Shorter has not demonstrated any error in the district court's judgment, and that judgment is AFFIRMED.