# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-30362
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

JAMES NATHAN WALTON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20080-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James Nathan Walton, federal prisoner # 11948-035, appeals the district court's denial of his "motion to compel specific performance of plea agreement and for substantial assistance pursuant to [18] U.S.C. § 3553(e), Fed. Rules Cr. Proc. Rule 35(b), 18 U.S.C.A., U.S.S.G. § 5K1.1, " in which he challenged the sentence imposed for his guilty plea conviction for possession with intent to distribute cocaine base. He argues that Government breached the plea agreement by failing to file a motion for a reduction of his sentence on account

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his substantial assistance. He argues that the Government's refusal to file a motion for a reduction of his sentence and the district court's denial of this motion violated his due process rights.

Section 5K1.1 has no postsentencing application, and only the Government can file a motion for reduction of a defendant's sentence pursuant to § 3553(e) and Rule 35(b). United States v. Lopez, 26 F.3d 512, 523 (5th Cir. 1994); United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994). Walton's motion was "an unauthorized motion which the district court was without jurisdiction to entertain." See Early, 27 F.3d at 142. Walton argues for the first time on appeal that the Government's refusal to file such a motion was based on his race. We will not consider a new argument raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); cf. United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Accordingly, we affirm the district court's denial of Walton's motion. See Early, 27 F.3d at 142.

AFFIRMED.