# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-51325
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AKIL MOUSSA ELREDA JAAFAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1483

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Akil Moussa Elreda Jaafar appeals the 60-month sentence imposed following his guilty plea conviction for money laundering and trafficking in counterfeit goods. Jaafar avers that the factual basis on the money laundering counts was insufficient to support his plea because there was no evidence that his transportation of the proceeds was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of an unlawful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

activity as required under 18 U.S.C. § 1956(a)(1)(B)(i);[1] that is, that there was insufficient "proof that the purpose—not merely the effect—of the transportation was to conceal or disguise" the nature, location, source, ownership, or control of the proceeds.[2] Because this issue is raised for the first time on appeal, review is for plain error.[3]

Considering the record as a whole, there was a sufficient factual basis for the district court to conclude that Jaafar believed that the transportation of the purported drug proceeds to Mexico was for the purpose of concealing the source, nature, and ownership of the funds.[4] The record reflects that the district court ascertained that Jaafar committed the conduct charged in the indictment. Specifically, counts one and two of the indictment alleged that Jaffar knowingly and intentionally transported and attempted to transport monetary instruments represented by a law enforcement officer to be the proceeds of an unlawful activity from a place in the United States to a place outside the United States. The indictment further alleged Jaafar's belief that the monetary instruments involved in the transportation represented the proceeds of some form of unlawful activity and that such transportation was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity.

At Jaafar's guilty plea hearing, the district court specifically advised Jaafar of the elements that the Government was required to prove with regard to the money laundering counts, including, in relevant part, that the transaction was designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership or control of the proceeds. Jaafar stated that he

---

[1] *See United States v. Griffin*, 324 F.3d 330, 351 (5th Cir. 2003).

[2] *See Cuellar v. United States*, 128 S. Ct. 1994, 2005 (2008).

[3] *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006).

[4] *See United States v. Dyer*, 136 F.3d 417, 425 n.13 (5th Cir. 1998).

understood the elements of the offense to which he was pleading guilty. At the time of his guilty plea, Jaafar expressly advised the district court that, except for certain corrections made by his attorney, which are not relevant here, he agreed with the factual basis as recited by the prosecutor. His sworn assertions in open court are afforded great weight.[5]

Moreover, transcripts of recorded conversations between Jaafar and an informant provided additional evidence that the methods of money laundering suggested by Jaafar during the conversations involved methods that are meant to conceal the nature, location, source, ownership, or control of the funds. Accordingly, Jaafar has not established that the district court plainly erred by accepting his guilty plea to the money laundering counts.[6]

AFFIRMED.

---

[5] *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

[6] *See Castro-Trevino*, 464 F.3d at 541.