**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2012

Lyle W. Cayce
Clerk

No. 11-40731
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES EDWARD GROOME,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-162-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Edward Groome appeals his conviction and 18-month sentence for fraud and related activity in connection with access devices. Groome pleaded guilty pursuant to a plea agreement on December 17, 2009. Nearly ten months later, on October 6, 2010, Groome moved to withdraw his guilty plea. The district court denied the motion, and Groome now argues on appeal that the district court erred in denying the motion. He contends that his confusion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding the method to calculate the amount of loss in the presentence report provided a fair and just reason for withdrawing his guilty plea.

We review the district court's denial of a withdrawal of a guilty plea for an abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). In determining whether the defendant has established a fair and just reason for withdrawing a guilty plea, this circuit considers seven factors. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). Those factors are: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion to withdraw; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *Id.*

In making this determination, we bear in mind that "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). A defendant ordinarily may not refute testimony given under oath at a plea hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

By Groome's own admission, he never contested his innocence. He waited nearly ten months after pleading guilty before filing a motion to withdraw the plea. Groome was represented by the same attorney throughout the proceedings and indicated at rearraignment that he had consulted counsel about his decision to plead guilty. The record shows that Groome's plea was knowing and voluntary. Although there was no evidence that the Government would be prejudiced by the withdrawal of his plea, the district court would suffer inconvenience and waste of judicial resources. Notably, at the time Groome sought to withdraw his plea, the presentence report and its addenda had been prepared, and the sentencing date had been set. Thus, the district court did not abuse its discretion in denying his motion.

Accordingly, the judgment of the district court is AFFIRMED.