# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2012

No. 11-30418
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DAVID O. WILLIAMS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-61

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David O. Williams, now federal prisoner # 10797-078, was convicted of conspiracy to possess with intent to distribute methamphetamine. *United States v. Williams*, 314 F. App'x 656 (5th Cir. 2009) (affirming conviction). Williams has appealed the district court's order dismissing his motion challenging that conviction under 28 U.S.C. § 2255 as untimely filed.

A one-year limitation period applies to § 2255 motions. 28 U.S.C. § 2255(f). The limitation period runs from, inter alia, "the date on which the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of conviction becomes final." *Id.* § 2255(f)(1). Williams's conviction became final on October 5, 2009, the date on which the Supreme Court denied his petition for a writ of certiorari. *See United States v. Thomas*, 203 F.3d 350, 355-56 (5th Cir. 2000). The limitation period lapsed one year later, on October 5, 2010. *See id.*

Previously, we granted a certificate of appealability permitting Williams to raise the question whether the district court erred in determining that Williams failed to file his § 2255 motion before the expiration of the limitation period without first developing the record with respect to the question whether, in attempting to file his § 2255 motion, Williams complied with procedures established at FCC-Victorville pertaining to the processing of legal mail. Order, *United States v. Williams*, No. 11-30418 (5th Cir. Apr. 5, 2012). This court's review of this question is for an abuse of discretion. *See United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

To be entitled to an evidentiary hearing, a prisoner must produce independent indicia of the likely merit of his allegations. *Id.* at 441-42; *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Typically, independent indicia of the merit of a prisoner's allegations is provided in the form of affidavits from reliable third parties. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id.*

Although Williams filed a sworn declaration in the district court stating that he submitted his § 2255 motion to prison authorities for filing in accordance with prison rules and regulations for the mailing of legal mail, Williams has not produced independent indicia of the likely merit of his allegations. *See Cavitt*, 550 F.3d at 441-42. Various inmate request forms submitted by Williams to corroborate his allegations are of limited probative value because they do not include responses of prison staff, and Williams's statements in his declaration

are inconsistent with his subsequent conduct. *See Medley v. Thaler*, 660 F.3d 833, 835-36, 838, 840 (5th Cir. 2011); *Cervantes*, 132 F.3d at 1110. Williams has not shown that the district court abused its discretion in failing to develop the record with respect to his allegations regarding the attempted mailing of his § 2255 motion. *See Cavitt*, 550 F.3d at 441-42. Moreover, even if we assume that the allegations in Williams's declaration are true, we conclude that Williams has not shown that he complied with prison rules and regulations for the submission of legal mail. For that reason, he is not entitled to the benefit of the mailbox rule. *See Medley*, 660 F.3d at 838; *see also Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994). The judgment is AFFIRMED.