# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2018

Lyle W. Cayce
Clerk

No. 16-11791
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARTIN NAVARRO, also known as Marty,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-879
USDC No. 4:13-CR-100-8

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Martin Navarro, federal prisoner # 46029-177, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine and his resulting 360-month sentence of imprisonment. Navarro obtained a certificate of appealability (COA) from this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authorizing him to appeal the issues whether the district court erred in dismissing without an evidentiary hearing Navarro's claim that counsel rendered ineffective assistance by promising Navarro a maximum sentence of 15 years in prison.

We review the district court's factual findings for clear error and legal conclusions de novo. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). To prove that his counsel was ineffective, Navarro must show that counsel's performance was deficient and that his deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Although the declarations of Navarro, his wife, and his mother included some specific details regarding the alleged promise, Navarro's conduct, including his sworn attestations at rearraignment, and the record refute the assertions in the declarations. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). At rearraignment, Navarro confirmed that he had discussed the Sentencing Guidelines with counsel, that he understood the sentencing range and the statutory maximum term of 40 years in prison, and that he was pleading guilty without a promise or assurance of any particular sentence. As well, Navarro agreed that the facts contained in the written factual basis were true and accurately described his conduct. Navarro's "[s]olemn declarations in open court carry a strong presumption of verity" and erect a "formidable barrier in subsequent collateral proceedings." *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). By contrast, counsel's declaration denying Navarro's allegations comports with the record evidence.

The declarations provided by Navarro are also insufficient to "show that there is a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59

No. 16-11791

(1985)); *see also Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994).   In addition, the district court acted within its discretion in denying the motion without an evidentiary hearing.  *Cervantes*, 132 F.3d at 1110.

Accordingly, the district court's judgment is AFFIRMED.   Navarro's motion for the appointment of counsel is DENIED.