# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50089
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PABLO ROBLES PARRA, also known as Jose Parra Robles, also known as Pablo Robles, also known as Pablo Parra, also known as Pablo Jose Robles-Parra, also known as Jose Pablo Parra-Robles, also known as Jose Robles, also known as Jose Robles-Parra, also known as Jose Parra-Robles, also known as Pablo Parra-Robles, also known as Pablo Jose Parra-Robles, also known as Jose Parra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CR-356-1

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jose Pablo Robles Parra, federal prisoner # 41943-180, moves this court to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to compel the Government to file a U.S.S.G. § 5K1.1 motion. Parra

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed the motion almost a year following the imposition of his 100-month sentence for conspiracy to possess with intent to distribute methamphetamine. He asserts that the Government agreed during plea negotiations to file a § 5K1.1 motion in return for his substantial assistance.

A federal court may refuse to certify an appeal for IFP status if it is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if it fails to present "legal arguments arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Where an appeal is frivolous and "the merits are so intertwined with the certification decision as to constitute the same issue," the court may deny the IFP motion and dismiss the appeal. *Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997).

Section § 5K1.1 has no postsentencing application, and only the Government can file a motion for reduction of a defendant's sentence pursuant to 18 U.S.C. § 3553(e) and Federal Rule of Criminal Procedure 35(b). *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994); *United States v. Lopez*, 26 F.3d 512, 523 (5th Cir. 1994). Parra's motion was also not authorized under 18 U.S.C. § 3742 or 18 U.S.C. § 3582(c)(2). *See Early*, 27 F.3d at 142. Parra's motion was "an unauthorized motion which the district court was without jurisdiction to entertain." *Id.* Parra argues for the first time on appeal that the Government's refusal to file the purported § 5K1.1 motion was due to his status as an undocumented alien. We will not consider a new argument raised for the first time on appeal. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

For the foregoing reasons, the request for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.