# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51114

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS SAUZO, also known as Felix Manuel Negron, also known as Miguel
Rivera, also known as Felix Antonio Negron, Jr., also known as Carlos Emilio
Saurzo-Martinez, also known as Carlos Suaso-Martinez, also known as Miguel
Antonio Rivera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-1021
USDC No. 5:14-CR-71-5

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Carlos Sauzo, federal prisoner # 99523-038, moves for a certificate of
appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255
motion to vacate, set aside, or correct his sentence for conspiracy to possess

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-51114

with intent to distribute heroin. The district court sentenced Sauzo to 120 months of imprisonment and five years of supervised release.

Sauzo argues that the district court erred in failing to require a Government response or hold an evidentiary hearing before dismissing his § 2255 motion. He contends that the record currently contains only his allegations and sworn affidavit, which have not been discredited. He argues that trial counsel was ineffective for failing to properly discuss the case with him; for misadvising him about the availability of defenses; for misadvising him that he faced a sentence of 40 to 60 months of imprisonment, with a maximum of 60 months; and for failing to investigate the applicable guideline calculations. He contends that he would not have pleaded guilty and would have insisted on going to trial if he had been properly advised of the sentence he faced and that counsel's misleading advice rendered his plea unknowing, involuntary, and unintelligent.

In order to obtain a COA, Sauzo must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). He may satisfy "this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A district court may deny a § 2255 motion without conducting an evidentiary hearing "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). We review the district court's denial of a § 2255 motion without holding an evidentiary hearing for an abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

No. 17-51114

The district court relied on Sauzo's statements at rearraignment and in his signed plea agreement to deny his claims.  In light of Sauzo's sworn allegations in his § 2255 motion and affidavit, which include his allegation that his attorney did not explain the plea agreement to him, and in the absence in the record of any response by Sauzo's trial attorney or a rearraignment transcript, the motion, files, and records of the case do not necessarily and conclusively show that Sauzo is entitled to no relief.  *See Bartholomew*, 974 F.2d at 41.  Reasonable jurists would debate the correctness of the district court's denial of relief on Sauzo's claims of ineffective assistance of counsel in connection with the decision to plead guilty without a response from his trial attorney and an evidentiary hearing.  *See Slack*, 529 U.S. at 484.  The issue is "adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.

Accordingly, a COA is GRANTED on the issue whether the district court abused its discretion in denying Sauzo's § 2255 motion without requiring a response from his trial attorney and without holding an evidentiary hearing. We VACATE the district court's judgment, and REMAND to the district court for further proceedings consistent with this opinion.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).  However, we offer no opinion on the resolution of the merits of Sauzo's § 2255 motion.