# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10914
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

R. V. KERR, III,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-78-15

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

R.V. Kerr, III, appeals his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance, for which he was sentenced to a twenty-year prison term and four years of supervised release. *See* 21 U.S.C. § 846. Kerr argues that his guilty plea was knowing and involuntary because he was confused about the penalties he faced—a minimum of five years and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10914

maximum of forty.  *See id.* § 841(b)(1)(B).  He also contends there was improper judicial participation in the plea process.

Because Kerr did not raise these objections in the trial court, where any confusion that did exist could have been easily clarified, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).  Kerr's appeal fails at the first requirement of that demanding standard of review as there was no error.

At the plea hearing, the magistrate judge arraigned Kerr with ten of his codefendants (the indictment charged 36 people with a methamphetamine conspiracy).    When the magistrate judge asked whether each defendant understood that a guilty plea would result in punishment "somewhere within the range of punishment that is provided by statute," Kerr answered yes.  And like the other defendants, Kerr had already signed a factual resume stating the penalties for his offense—five to forty years.  The prosecutor then read the penalties for three defendants identified by name—Anderson, Powers, and Bennett—and then stated that the penalties for "the remaining defendant[s]" included a sentence of five to forty years of imprisonment and a supervised release term of not less than four years.  Immediately thereafter, the magistrate asked those remaining defendants whether they understood that a guilty plea would subject them to those penalties.  When called by name, Kerr answered yes. When the court asked Kerr whether he had any questions, Kerr said no.  Kerr then pleaded guilty, agreed that he had signed his factual resume, and answered yes when asked by name if he understood the factual resume.  After all that, the magistrate accepted the plea.

Kerr contends that this "group plea" rendered his plea unknowing because he was confused about the sentence he faced.  But the plea complied with both Rule 11(b)(1)(H), which requires the court to advise the defendant of

maximum penalties, and Rule 11(b)(1)(I), which requires the same advisement for mandatory minimums.  Kerr acknowledged during the hearing that he understood both the oral and written notice of his sentencing exposure.  A defendant's "solemn declarations in open court" concerning the knowing and voluntary nature of the plea "carry a strong presumption of verity."  *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted).  A defendant will not ordinarily be heard to recant testimony he gave under oath at his plea hearing.  *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  Kerr answered yes when the magistrate judge asked if he understood that his guilty plea could result in a sentence within the statutory range.  He again answered yes when asked if he understood that the statutory range was not less than five nor more than forty years of imprisonment, with a supervised release term of not less than four years.  When the magistrate judge asked Kerr whether he had any questions, he answered no.  Kerr also affirmed that he understood and had signed the factual resume, which twice stated the minimum and maximum penalties.  What is more, Kerr did not move to withdraw his guilty plea after reviewing the presentence report's recitation of the statutory imprisonment range.  *See United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013).

Given the strong presumption of truthfulness attached to his rearraignment testimony—testimony that is directly at odds with his current intimation of confusion at the hearing—Kerr cannot show Rule 11 error or that his guilty plea was unknowing.

After arguing that the magistrate judge did too little at the rearraignment, Kerry next essentially argues that he did too much by intervening in the plea decision. What was the intervention? Holding a group rearraignment and failing at times to personally address Kerr.  This comes

nowhere close to the judicial participation that violates Federal Rule of Criminal Procedure 11(c)(1). *See, e.g., United States v. Draper*, 882 F.3d 210, 215 (5th Cir. 2018) (noting that we have found such violations when the judge's "statements could be construed as predictive of the defendant's criminal-justice outcome, suggestive of the best or preferred course of action for the defendant; or indicative of the judge's view as to guilt"). Complying "with the duties mandated by Rule 11(b)" does not amount to improper participation. *Id.*

AFFIRMED.