# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2020

Lyle W. Cayce
Clerk

No. 19-51090
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC DAVID PISONY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-154-1

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Eric David Pisony pleaded guilty to possession with intent to distribute five grams or more of actual methamphetamine and received a within-guidelines sentence of 105 months of imprisonment and a five-year term of supervised release. He now contends that the district court procedurally erred when sentencing him using a base offense level of 24 under U.S.S.G. § 2D1.1(c)(8) where the presentence report (PSR) did not include any

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51090

information regarding laboratory tests supporting the weight or purity of the methamphetamine.

Pisony correctly concedes that review is for plain error, and he must show a forfeited error that is clear and obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). A clear or obvious error must not be "subject to reasonable dispute." *Id.*

Pisony has not shown a clear or obvious error. A district court may adopt a PSR finding of drug quantity "without further inquiry *if* those facts have an adequate evidentiary basis with sufficient indicia of reliability *and* the defendant does not present rebuttal evidence." *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019) (internal quotation marks and citation omitted). While he is correct that there is nothing to indicate the pending laboratory testing cited in the factual basis was ever completed, Pisony explicitly agreed in the factual basis that the drugs seized would yield at least five grams of actual methamphetamine and affirmed under oath at rearraignment that the factual basis was correct. "[S]olemn declarations in open court carry a strong presumption of verity," *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted), and a defendant ordinarily may not refute testimony given under oath at a plea hearing, *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Relying on Pisony's statement in the factual basis, the PSR stated that he was accountable for at least five grams of actual methamphetamine and calculated a base offense level using this agreed-upon value. *See* § 2D1.1(c)(8).

2

No. 19-51090

Pisony's agreement in the factual basis and reaffirmed under oath at rearraignment was that the methamphetamine seized would yield at least five grams of actual methamphetamine, but that laboratory tests as to the precise amount remained pending. Nowhere does the record state that his admission was contingent on the results of the pending laboratory tests confirming this value. Pisony does not cite any authority in support of his argument that the PSR lacks sufficient indicia of reliability absent laboratory results confirming the amount of drugs he actually admitted to possessing in the factual basis and at rearraignment. He has thus failed to demonstrate reversible plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.